MARTINDALE *v.* CADWALADER.

*(Circuit Court, E. D. Pennsylvania. October 7, 1889.)*

CUSTOMS DUTIES—CONSTRUCTION OF LAWS—CLASSIFICATION—CRACKER BOXES.

The customary packages in which biscuit were imported were tin boxes on which it was not unusual to employ more or less ornamentation. The testimony was that crackers in ornamental boxes sold for more per pound than those in plain. *Held* that, if the ornamental boxes enhanced the value, and increased the facilities for the sale of the crackers contained therein, then they had a use independent of their employment in the importation of merchandise, and were dutiable at 100 per cent.

*Assumpsit* by Thomas Martindale against John Cadwalader, Collector.

This was a suit brought by the plaintiff to recover certain customs duties alleged to have been improperly exacted upon tin boxes in which crackers or biscuits were contained. The appraiser returned them as unusual coverings, designed for use otherwise than for the *bona fide* transportation of the goods into the United States, at 100 per cent. (section 7, Act March 3, 1883;) and the protest claimed that they were free as the usual and necessary coverings for that class of merchandise. Upon the trial it was shown that tin was the material generally used for the coverings of such articles in transportation, but that the boxes in question, being highly ornamented and embossed, were equal to about one-half of the value of the biscuits they contained, and after being emptied of their contents were sometimes used for household purposes.

*Edward L. Perkins*, for plaintiff.

*J. R. Read*, U. S. Dist. Atty., and *W. Wilkins Carr*, Asst. U. S. Dist. Atty., for defendant.

BUTLER, J., (*charging jury orally.*) The plaintiff in this cause imported a quantity of crackers into the United States contained in boxes such as the one exhibited to you, and described by the witnesses. The customs officers believed these boxes to be subject to duty under a provision of the seventh section of the act of 1883, and consequently, levied a duty upon them such as the statutes provide for, and collected this duty

from the plaintiff, he paying it under protest, and appealing. He now seeks to recover by this suit the duty so levied and collected. The seventh section of the statute embracing the subject of this controversy, after repealing certain provisions of statutes then in force authorizing the imposition of duties upon boxes and coverings used in the transportation of merchandise, proceeds to say: "Hereafter none of the charges imposed by said sections or any other provisions of existing law shall be estimated in ascertaining the value of goods to be imported, nor shall the value" (this is important) "of the usual and necessary sacks, crates, boxes, or covering of any kind be estimated as part of their value" (that is, of the merchandise) "in determining the amount of duties for which they are liable." Congress intended, by this provision, not to exempt any part of the merchandise, or any part of the importations that were for sale as merchandise, from duty, but the coverings, the means simply whereby the merchandise was safely conveyed to this country. The preceding language would seem to make this plain, but to guard against possible misapprehension the statute further provides—

"That if any packages, sacks, crates, boxes, or coverings of any kind shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the *bona fide* transportation of goods to the United States, the same shall be subject to a duty of one hundred per cent."

Nothing could be plainer than this. It was intended not to exempt any part of the merchandise, anything that could be dealt in as merchandise, bought and sold, from duty, but to exempt simply the coverings, the means of securing safety in transportation; and if a party in importing merchandise used a package or box or covering designed for some other use, as well as for the importation, and thus designed to evade the revenue laws of the United States, he should be subject to the high rate of duty on the box or covering provided for by this section. The evidence is that the larger proportion of this description of merchandise, crackers and biscuit, is brought here in tin boxes. A tin covering of some kind is said by the witnesses to be necessary for the preservation of the crackers and biscuit. They must be protected from the moisture of the sea atmosphere, and where they are brought in plain tin boxes, as is most usual, there is no question about the exemption from duty of the boxes. It is not unusual to employ fancy boxes, such as were used by the plaintiff. The question is whether these boxes were designed for any other use than that of importing the biscuits or crackers, —whether they were intended for any other use than covering and protecting the merchandise during transportation. If they were not, then they were not liable to taxation. If they were intended for any other purpose, then they were liable to the tax which was imposed by the collector. Were they intended for any other purpose? The witnesses say that, beyond their use in selling the crackers contained in them, they have no use independent of the transportation. But the question is whether or not they are of value and designed for a use in selling the crackers themselves. The testimony of the witnesses is that when the crackers are sold in these ornamental boxes they sell for two or three

cents per pound more than when sold in the plain ones. If that is so, is it not plain that these boxes have a use independent altogether of the protection of the crackers in their importation to this county? If they enhance the value of the crackers contained therein, and increase the facilities for selling, then that is a use independent of their employment in the importation of the merchandise. It is for you to pass upon the evidence, and I say nothing that is binding, but I do not hesitate to say that, in the judgment of the court, if the evidence is believed, and there is no contradiction, it being all from the plaintiff's witnesses and from the plaintiff himself, these boxes have a merchantable value outside their use in transporting the crackers, and that value is obtained in selling them.

The plaintiff requests the court to instruct the jury that if they find the boxes upon which the duties were imposed in this case had no other purpose or use than to enhance the salability of the goods contained therein, to find a verdict for the plaintiff, subject to the right of the court to enter judgment for the defendant *non obstante veredicto*, if the court shall be of opinion, as matter of law, that a package or covering designed to increase the salability of the article therein contained, but having no other commerical use, is dutiable within section 7 of the act of congress, entitled "An act," etc., passed March 3, 1883. This point is refused.

Verdict for defendant.